IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| United States of America, | Cr. No. 02-00201 DAE |
|---|---|
| plaintiff, | 18 U.S.C. §1951 |
| v. | |
| Raymond Ridela,<br>Carmichael Doan,<br>Matthew Emshoff,<br>Brian Raley, | |
| defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

On 2/11/04, defendant was convicted of Hobbs Act violations [obstruction of commerce] related to assistance with robbery of pizza delivery personnel, a violation of 18 U.S.C. §§1951, 2 and sentenced to probation with 14 days jail. He is in compliance with all conditions and reports regularly to Ms. Sydney Fleming of the U.S. Probation Office.

**1. Current Status**

He is currently in compliance with supervision, reporting regularly to his probation officer. He is gainfully employed part-time at Makino Chaya in Aiea. He also supplements his income marketing products on-line, and is starting a screen printing business. Defendant is also involved and committed as a parent, sharing custody of his 4 year-old daughter.

**2. Supervision Unnecessary**

    Governing law supports early release.

> [c] Early Termination. - The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. §3564. All relevant considerations favor early termination.

### 3. Termination is Appropriate

In the context of the subsections of 18 U.S.C. §3553 offered as criteria, defendant should be released from further reporting and compliance.

•<u>18 U.S.C. §3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant</u>

    The offense occurred while defendant was using marijuana and under the influences of Raymond Ridela, then a bullying, intimidating individual who received the longest sentence in this case. Matthew took responsibility for his role as a lookout in some but not all of the pizza delivery robberies. During the life of this case, he reported regularly to U.S. Pretrial Services and made all of his court appearances. He provided meaningful assistance in his own defense, and was receptive to the advice of counsel. Defendant had no prior criminal record.

•<u>18 U.S.C. §3553(a) (2) the need for the sentence imposed (B) to</u>

<u>afford adequate deterrence to criminal conduct</u>

These offenses occurred in 2001, and defendant has committed no new crimes. He has been law-abiding on Pretrial Release and Probation, with the exception of marijuana use which has been addressed under supervision to the point where he has passed all of his recent drug tests.

•<u>18 U.S.C. §3553(a)(2) the need for the sentence imposed (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

Defendant has already benefitted from substance abuse intervention. He made all court-ordered payments and has completed his community service. The rehabilitative aims of sentencing have been achieved.

•<u>18 U.S.C. §3553(a)(4) the kinds of sentence and the sentencing range established for...the...offense committed by the... category of defendant as set forth in the guidelines...</u>

By statute and under the advisory guidelines, probation was a permissible and appropriate sentence. Defendant has served more than the one year required under 18 U.S.C. §3564 and there is no legal obstacle to termination.

•<u>18 U.S.C. §3553(a)(5) any pertinent policy statement</u>

Defendant is unaware of any pertinent policy statement which prevents early termination in his situation.

•<u>18 U.S.C. §3553(a)(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>

Early termination for the reasons above-stated would not

create any unwarranted disparity.

•18 U.S.C. §3553(a)(7) the need to provide restitution to any victims of the offense

No restitution was ordered.

### 3. Conclusion

Due to his consistent progress and reporting, defendant submits that further supervision is no longer necessary to help him lead a law-abiding life.

Dated: Honolulu, Hawaii August 13, 2007.

_____
Stuart N. Fujioka, attorney for movant

C:\Doc\Fedcrim\2002\emshoff\post-scan\mtn-term-prob.001.wpd